# Smith *v.* Woolf.

*Action for Damages for Failure to Have Blankets, etc., at Mine.*

(Decided April 7, 1909. Rehearing denied May 11, 1909. 49 South. 395.)

1. *Constitutional Law; Class Legislation.*—A reasonable and proper classification of the objects of legislation is not forbidden, and a classification based on some difference bearing a just and proper relation to the classification, is valid; a classification is not invalid because not depending on scientific or marked distinction in things or persons, or in their relations, it being sufficient if it is practical.

2. *Same; Regulation of Coal Mine.*—Section 2917, Code 1896, operates on all coal mine operators and make a legitimate class based on reasonable grounds and hence, is not invalid as class legislation.

3. *Master and Servant; Injury to Servant; Contributory Negligence.*—To be available, contributory negligence must be pleaded, and hence, contributory negligence was not available as a defense to an action brought under section 2917, Code 1896, though the evidence showed that the employe was the author of his own injury in the mine.

4. *Same; Regulation of Coal Mine; Statutes.*—Section 2917, Code 1896, imposes the duty of keeping the articles designated therein upon the mine operator for the benefit of the employes, who may be injured in the performance of their duties, and a proof of failure to comply with the statute is proof of negligence of the master.

5. *Same; Damages.*—The proof of the failure of the mine operator to keep the articles designated in section 2917, Code 1896, supplemented by proof of the injury of an employe at the mine entitles the injured employe to nominal damages only, so that to warrant the recovery for substntial damages, it must be shown that the employe's pain and suffering which resulted from his injuries would probably have been alleviated had the designated articles been kept on hand, or that, the harmful effects of the injury would have been lessened.

6. *Same; Cause of Injury; Instruction.*—In an action brought under section 2917, Code 1896, a charge asserting that if the failure to furnish enumerated articles did not cause or contribute to any aggravation of the employe's injury, or cause him any additional injury, the verdict should be for defendant, was properly refused as misleading, for the operator would be liable if the suffering incident to the injury would have been diminished had the articles been furnished although the failure to furnish might not have caused additional injury.

7. *Same; Negligence; Evidence.*—Where the physician's office was some distance from the mine, it was immaterial, in an action for injuries for failure to have the designated articles required by coal miners to be kept near the mines, that the mine physician had a full

[Smith v. Woolf.]

supply of medicine and medical supplies for cases of injury. at the mine.

8. *Same.*—In an action for a violation of section 2917, Code 1896, resulting in an aggravation of the physical injuries to an employe and the increasing of his suffering, the character of the injuries, although occasioned by the employe's negligence, may be considered in determining whether the pain and suffering could have been alleviated by the having of the designated articles by the operator of the mine, taken in connection with the failure of the operator to have such articles on hand; but damages for the physical injury received in the first instance cannot be assessed.

9. *Same; Excessive Verdict.*—A verdict for $2,500.00 was excessive where the evidence showed that the employe·lost his hand and the sight of one eye in an explosion of dynamite in the mines caused by his own negligence, and that the· wounds could not be bandaged until· long after the accident and after the employe had been removed a long distance from the mines, and his sufferings increased because· of the failure of the operator to·comply·with section 2917,·Code 1896.

10. *Negligence; Violation of Statutory Duty.*—A person injured in consequence of the violation of a statutory ·duty is entitled to damages against the wrong doer.

11. *Damages; Instructions; Nominal Damages.*—Where nominal damages are recoverable, a charge which excludes the idea that they may be assessed is erroneous.

12. *Charge of Court; Invading Province of Jury.*—The jury being the sole judges of the facts, a charge couched in language that puts the court in the attitude of giving instructions which cast distrust or suspicion on the evidence of the witnesses, is properly refused.

13. *Trial; Evidence; Objection.*—Unless a question calls for evidence· which is patently illegal, it is not subject to a general objection.

14. *Appeal and Error; Exceptions; Necessity.*—Exceptions must be taken to a ruling or a charge of the court at the time made, and a motion for new trial cannot be made to serve the purpose of such exceptions, nor can it cure a failure to properly reserve such exceptions.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by D. C. Woolf against R. D. Smith, brought under section 2917, Code 1896. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The pleading and the facts sufficiently appear in the opinion of the court and in a former report of this case (*Wolff v. Smith,* 149 Ala. 457, 42 South. 824, 9 L. R. A. (N. S.) 338), to which reference is here made. The following charges were refused to the defendant: (1)

[Smith v. Woolf.]

"Even though the jury should believe from the evidence that the defendant failed to comply with section 2917 of the Code of 1896 in any particular, they cannot assess any damages against the defendant unless the evidence reasonably satisfied the jury that the plaintiff sustained substantial damages." (4) "If you believe from the evidence that there was a failure to furnish the plaintiff a waterproof blanket at or about the mouth of the mine, but that such failure did not cause or contribute to any aggravation of plaintiff's injuries, or cause him any additional injury, you cannot find any damages on that account." (5) "If the jury believe from the evidence that substantially all the damages suffered by the plaintiff were the proximate result of the explosion of the dynamite in his hand, you cannot find a verdict for more than nominal damages." There was verdict for $2,500.

WEATHERLY & STOKELY, and TILLMAN, GRUBB, BRADLEY & MORROW, for appellant.—The statute is unconstitutional as making a distinction between those engaged in the mining business.—*L. & N. v. Baldwin*, 85 Ala. 619; *Zeigler v. S. & N. R. R. Co.*, 58 Ala. 594; *Deppe v. Chicago R. R. Co.*, 36 Ia. 52; *In re Morgan*, 47 L. R. A. 52; 41 N. W. 975; 34 N. W. 783; 38 N. W. 520; 45 N. W. 156. Counsel discuss asssignments of error relative to refused charges, but cite no authority in support thereof. Counsel discuss evidence, but without citation of authority.

FRANK S. WHITE & SONS, or appellee.—The statute under which this action is brought is constitutional.— *Woolf v. Smith*, 149 Ala. 457; *L. & N. v. Baldwin*, 85 Ala. 619. It is not class legislation.—*State v. Schlitz Brewing Co.*, 78 Am. St. Rep. 941; *McGoon v. Ill. Trust,*

etc., 170 U. S. 294; *Continental I. Co. v. Parks,* 142 Ala. 650. Counsel discuss charges in the order discussed by counsel for appellant, but without citation of authority. The charge of the court was not erroneous, and if it was no exception was reserved at the time, and hence, it cannot be made the ground for application for new trial.— *Stewart v. Guy,* 138 Ala. 176; *Tobias v. Treist,* 103 Ala. 664. The verdict was not excessive.—Watson's damages, Personal Injuries, secs. 311, 328, and 329.

DENSON, J.—The complaint contained several counts, but all were eliminated, by demurrers sustained, and charges given, except the third count as amended, which is in the following language: "Plaintiff claims of the defendant $20,000 damages, in this, that on, to-wit, the 3d day of February, 1904, defendant was operating a coal mine called 'Bradford mine,' in Jefferson county, Ala., that plaintiff was working in said mine as an employe of said defendant, and while at work therein was injured and damaged as is more particularly set out in the first count of this complaint. And plaintiff avers that it was the duty of defendant while operating said mine to provide a stretcher properly constructed, woolen and waterproof blankets in good condition for use in carrying away any person that might be injured while at work in said mine. And plaintiff avers: That defendant negligently failed to provide such stretcher and blankets, and because thereof, when plaintiff was injured as aforesaid, which was in the nighttime, and the weather was very cold on account of the failure of the defendant to provide such stretcher and blankets, he was compelled to walk a long way on foot, through the mud, and he was compelled to wade through cold water, and he had to be carried a long distance over rough roads in a wagon, from which he suffered greatly on

[Smith v. Woolf.]

account of being jolted and jarred, and he suffered excruciatingly from the cold; that the plaintiff was at the time. wet; and that his injuries were greatly aggravated, his suffering greatly increased, both mental and physical, on account of the failure on defendant's part in providing such stretcher and blankets. And plaintiff further avers that it was the duty of defendant to keep at the store which was at said mines linseed or olive oil, bandages, and linen for use in . emergencies. And plaintiff avers that defendant failed to keep said linseed or olive oil, bandages, and linen at said store, and because thereof plaintiff's injuries were greatly aggravated, that by reason thereof his wounds could not be bandaged or oil applied to the same until long afterwards, and after he had been removed a long distance therefrom. And his injuries and suffering was proximately greatly increased thereby. Wherefore plaintiff sues and claims damages of defendant as aforesaid."

The cause has been before this court on a former appeal.—*Wolf v. Smith,* 149 Ala. 457, 42 South. 824, 9 L. R. A. (N. S.) 338. Upon that appeal we held this third count good, against a demurrer which proceeded upon the notion that the statute upon which it is based (section 2917, Code 1896) is violative of the Constitution, "in that it arbitrarily invades the rights of the defendant and deprives him of his property rights without due process of law, and in its enactment that the legislature was not within a legitimate exercise of the police power of the state." We are now asked to overturn that decision.

It is deemed unnecessary to restate the grounds upon which the statute was sustained on the former appeal, or to reproduce the arguments. It suffices to say that a careful consideration of briefs of counsel and of the authorities has failed to convince us that our decision, on

the points presented, was unsound; but counsel for appellant insist that the validity of the statute is assailed, on the present appeal, from a new point of view. It is pointed out by the demurrer that the statute is a species of vicious class legislation, being aimed solely at coal mine operators, while other similar businesses, such as ore mining, are not affected thereby. The argument in support of this contention is: That ore mining and coal mining are equally hazardous; that similar explosives are used and practically the same dangers encountered by those engaged or working in such different classes of mines; that the statute is evidently aimed at the employer, and not at the hazards incident to the employment; that no just reason exists why the coal operator should furnish such articles to the injured, while other employers of labor are exempted from such duty. The gist of their contention, in other words, is that coal mine operators are by the statute required to furnish, as a part of their equipment, articles and appliances not required to be supplied by the operators of other mines conducted under like circumstances.

Thus it will be seen that it is assumed, in argument, that the dangers attendant upon the working of ore mines, quarries, and railroads are the same as or similar to those incident to coal mining. If we must determine the question at issue upon the hypothesis that other businesses are attended with similar dangers then we might answer the insistence of the appellant by saying that, if the court has judicial knowledge in respect to the question, it is that the dangers which menace the employe in the ore mine, in the quarry, or on the railroad, are not the same as those which the employe in the coal mine encounters. We think it may safely be said to be a matter of general information that the operation of coal mines is more hazardous probably than

any species of mining. There are dangers inherent in the operation of coal mines which do not exist in ore mines. As is suggested in appellee's brief: "They extend to very much greater length in their subterranean ways. They are much farther from the surface. They contain inflammable and explosive dust liable to be ignited by blasting, and they contain quantities of gas also liable to be ignited, neither of which is present in ore mines." And certainly nothing of the kind is present in the quarry, or attendant upon the employment of operating a railroad. Furthermore, considering area and extent, many more operatives are usually at work in a coal mine than are required in the other businesses named.

It must be conceded by all that the Constitution does not forbid a reasonable and proper classification of the objects of legislation. "The question is: What is reasonable and proper in the premises? No definite or absolute rule can be laid down by which the question can be determined in all cases, but the question must be determined in each case as it arises and for that case alone."—1 Lewis' Sutherland, Stat. Const. § 203. The proper test seems to be that "the reasonableness of a classification is that it must be based upon some difference which bears a just and proper relation to the attempted classification, and is not a mere arbitrary selection."— State v. Jacksonville Terminal Co., 41 Fla. 363, 374, 27 South. 221, 224. And as was said by the Supreme Court of the United States: "The state may distinguish, select, and qualify objects of legislation, and necessarily the power must have a wide range of discretion. * * * * Classification for such purposes is not invalid because not depending on scientific or marked differences in things or persons or in their relations. It suffices if it is practical, and is not reviewable unless palpably

arbitrary."—*Orient Ins. Co. v. Daggs*, 172 U. S. 557, 562, 19 Sup. Ct. 281, 282, 43 L. Ed. 552. So in the case of *Railway Co. v. Mackey*, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107, a law of Kansas which abrogated as to railroads the rule of the common law exempting masters from liability to one servant for the negligence of another, and which did not apply to other carriers, or even to other corporations using steam, was attacked on the same ground that affords basis for the attack upon the statute here in judgment. The law was upheld and justified "by the character of the business of railroad companies, and it was declared to be a matter of legislative discretion whether the same liability should or should not be applied to other carriers, or to persons and corporations using steam in manufactures."— *Holden v. Hardy*, 169 U. S. 366, 18 Sup. Ct. 383, 42 L. Ed. 780; *State v. Schlitz Brewing Co.*, 104 Tenn. 715, 59 S. W. 1033, 78 Am. St. Rep. 941, 948, 949.

Again, in Pennsylvania, an act which made a distinction between anthracite and bituminous coal mines, in respect to inspection, was held not to be classs legislation; all anthracite mines being included in the law.— *Durkin v. Kingston Coal Co.*, 171 Pa. 193, 33 Atl. 237, 29 L. R. A. 808, 50 Am. St. Rep. 801; *Commonwealth v. Jones*, 4 Pa. Super. Ct. 363; *Read v. Clearfield County*, 12 Pa. Super. Ct. 419, 427. In the last case cited an act relating to bituminous mines alone, and providing for the "lives, health, safety, and welfare, of persons employed therein," was upheld, as against an attack similar to the one we are dealing with. The court there said: "We think it is clear under the authorities that the Legislature has the right to classify the coal mining business of the state in the way it has, and to legislate for each class separately. The act under consideration is an exercise of the police power. So long as the right

to classify exists, a law which bears upon all persons of the class is not a special law within the meaning of the Constitution."

So likewise, our own court has said that: "The general power of the legislature to regulate occupations and businesses of all kinds, keeping within the principle that all members of a particular class proposed to be regulated must be equally amenable to the regulations made, has been time and again declared."—*Youngblood v. Birmingham, etc., Co.*, 95 Ala. 521, 526, 12 South. 579, 581, 20 L. R. A. 58, 36 Am. St. Rep. 245, and authorities there cited; 1 Lewis' Sutherland, Stat. Const. § 203. Here it is certainly true that the statute operates on all coal mine operators, and it seems clear to us that they form, by themselves, a proper and legitimate class, with reference to the purposes of the act, and, upon reasonable ground, that they are distinguishable from ore mine operators. Upon the foregoing considerations, authorities cited, and reasons which underlie the authorities, we conclude that the statute in question is a constitutional enactment; and must therefore be upheld.

This brings us to consideration of the questions which are presented by the bill of exceptions. The trial, it appears, began with counts 1 and 5, and count 3 as amended in the complaint; and the pleas upon which issue was joined are addressed to these counts. The court, at the conclusion of the evidence, charged out all the counts except count 3 as last amended. According to the proper interpretation of the record, the only pleas addressed to count 3 as amended are pleas 1 (the general issue), 4, 5, and 7, filed May 14, 1907. Neither of these pleas presents the defense of contributory negligence. Therefore the ground stated in appellant's brief for the insistence that the general affirmative charge as requested by him should have been given does not exist, and such

[Smith v. Woolf.]

insistence falls to the ground, albeit the evidence may show that plaintiff was the author of his own injury in the mines. This disposes of the grounds of error in the assignments numbered 5 and 6.

On the former appeal we said, in respect to the purpose of the statute: "Manifestly the statute imposes the duty of keeping the articles and emollients mentioned for the benefit of those persons in the employment of the owner or person operating the mine who may be injured at or in the mines while in the performance of their duties as such employes. * * * No penalty is attached for a failure to comply with the requirements of the statute; but it is a general and well-established rule that the wrongdoer is liable in damages to the party injured by a violation of a statutory duty." We reaffirm the above, and further hold, in accordance with previous decisions of this court, that, the duty being imposed by the statute, proof of a failure to comply with its requirements is sufficient proof of negligence on the part of the person charged with such failure.—*Kansas City, etc., Co. v. Flippo*, 138 Ala. 487, 35 South. 457. But mere proof of failure to comply with the statute, or such proof supplemented by proof of the injury received at or in the mines, will entitle the plaintiff to recover no more than nominal damages. Therefore, to warrant recovery for substantial, as contradistinguished from nominal, damages, there must be added, to such specified evidence, proof that plaintiff's pain and suffering, the result of his injuries, would probably have been alleviated, or that the harmful effects of his injuries would have been lessened, had the articles and emollients prescribed been kept on hand. Stated differently, the mere failure to comply with the statute, unaccompanied by augmentation of the plaintiff's pain and suffering by reason of his not being supplied with the arti-

cles and emollients specified, will not warrant a verdict for more than nominal damages. It is apparent that the third count of the complaint is framed in accord with these views. It avers, after the premises, that because of the failure of the defendant to keep the articles and emollients, "his injuries were greatly aggravated, * * * and his injuries and suffering were proximately greatly increased thereby."

On these considerations, charge 4 would be a correct charge if the second alternative had been omitted; but that alternative imparts to it a misleading tendency, if it does not render it positively bad. The failure to furnish the blanket may not have caused plaintiff additional injury; but, at the same time, if it had been furnished, it might have diminished his suffering and pain incident to the physical injury.

Charge 5 requested by the defendant, was properly re fused. The damages may have been the proximate result of the explosion of the dynamite, and at the same time plaintiff's suffering might have been alleviated had the articles and emollients been at hand.

Charge number 1 "is couched in language which seeks to put the court in the attitude of casting some distrust, doubt, or suspicion" upon plaintiff's evidence tending to show that defendant had not complied with the statute. This of itself justified the court in refusing it.— *Miller's Case,* 107 Ala. 40, 60, 19 South. 37. Furthermore, it excludes the idea that nominal damages might be assessed. Plaintiff might have suffered from lack of the articles prescribed by the statute, and yet his damage in this respect could have been accounted by the jury too inconsiderable to warrant more than nominal damages.

The court committed no error in declining to allow the defendant to prove by Dr. Love, who was the physi-

cian at the mines, that he had a full supply of medicines and medical supplies for cases of injury at the mines. This would not have shown a compliance with the statute by the defendant. The inquiry was not directed to the articles prescribed by the statute. Moreover, the proof without conflict showed that the doctor's office was some distance from the mines.

The court committed no error in overruling the general objection to the question addressed to Dr. John Love, on cross-examination, "How much do they pay you a month apiece?" The question was not patently illegal, and the court was under no duty to cast about for a ground for the objection.

The defendant made a motion for a new trial, and embraced therein, amongst other grounds, alleged errors committed by the court in the oral charge; but it appears that no exception was reserved by the defendant to the charge, nor to any part thereof. A motion for a new trial cannot be made to serve the purpose of an exception to a ruling or charge of the court, nor can it cure the failure to reserve such exception. *Tobias v. Triest,* 103 Ala. 664, 15 South. 914; *Stewart v. Guy,* 138 Ala. 176, 34 South. 1007.

This leaves for consideration only one question: Was the verdict returned by the jury excessive in amount? From the testimony in the case it appears without conflict that plaintiff was severely and permanently injured, in the mines, by the explosion of a stick of dynamite which he held in his hand. He lost both hands and the sight of one of his eyes. If the defendant had been responsible for these injuries, and damages therefor could be recovered in this action, the sum of $2,500, as here assessed by the jury, might be considered moderate; but the evidence is without conflict to the effect that plaintiff was the author of his own misfortune

[Smith v. Woolf.]

—indeed, it is not insisted that defendant should be held responsible for the injury—and damages therefor could not be assessed on the count left in this complaint. While it was competent to show the character and extent of the injuries, they could be legitimately considered only for the purpose of determining, in connection with evidence of defendant's failure to comply with the duties prescribed by the section of the Code involved, whether or not the pain and suffering could have been alleviated by the use of the articles named in the statute, had the defendant kept them on hand, or (to put it in another form) whether or not plaintiff's pain and suffering from the injuries were increased by the lack of such articles. It is only upon the theory that the pain and suffering were probably aggravated by lack of the articles and emollients named in the statute, or of some of them, that damages could be assessed. A careful consideration of the evidence constrains us to hold that the amount of damages assessed ($2,500) is excessive, and, for this reason, that the court should have set aside the verdict and granted a new trial.

It follows that the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.