BOLLIN v. FAHL.

1. Evidence—Secondary Evidence—Laying Foundation.

   Where sufficient foundation for receiving secondary evidence of certain writings was laid by witness' admission that he had been subpœnaed to produce the originals but denied having them, an objection to receiving in evidence authenticated copies of the writings on the ground that the subpœna was defective is without merit.[1]

2. Appeal and Error—Where No Objection Made to Reception of Testimony Error May Not be Predicated Thereon.

   Error may not be predicated on the admission of certain testimony, where no objection to its admission was made.[2]

3. Architects—Statutes—Where Statute Not Applicable Failure to Comply Therewith No Bar to Recovery.

   In an action by one neither claiming nor holding himself out to be an architect, for compensation for preparing and furnishing to defendant at his request plans, specifications, etc., for the erection of a private building, an objection that plaintiff may not recover because he is not a registered architect is without merit; the statute (Act No. 334, Pub. Acts 1919) having application only to registered architects and to the construction of public work.[3]

---

[1]Evidence, 22 C. J. § 1351; [2]Appeal and Error, 3 C. J. § 730; [3]Architects, 5 C. J. § 3.

On validity of contract by unlicensed architect, see note in 12 L. R. A. (N. S.) 614.

Error to Wayne; Miller (Guy M.), J.    Submitted October 16, 1925.    (Docket No. 85.)    Decided December 22, 1925.

Assumpsit by John E. Bollin against Rudolph Fahl for services rendered.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Leroy W. Belongy*, for appellant.

*Percy W. Grose*, for appellee.

CLARK, J.    Plaintiff sued for compensation for preparing and furnishing, at defendant's request, plans, sketches, drawings, blue prints and specifications for the erection of a building to be used as a retail store, and plaintiff claims, too, to have procured bids, and the required building permit, for the construction of the building, and that for all of which he was entitled to be paid a sum agreed upon by the parties.    He had verdict and judgment.    Defendant brings error.

1. Plaintiff caused a subpœna *decus tecum* to be issued and to be served on defendant.    It is not set forth in the record, but it is assumed that it required defendant to produce certain letters, drawings, bids, etc.    While plaintiff was on the witness stand and reaching the point where it was desired to prove a letter of December 19, 1919, his counsel said:

"*Mr. Grose:* Will you produce the papers I subpœnaed?

"*Mr. Belongy:* We haven't them.

"*Mr. Grose:* Then I will ask permission to withdraw this witness and call Mr. Fahl."

Thereupon defendant, called for cross-examination, testified:

"I was subpœnaed in this case to produce certain papers.    I have not any of the papers which were described in the subpœna.    I have not got any letters,

bids or contracts in writing right now.    I never received a letter from Mr. Bollin dated December 19, 1919.    I never received Exhibit 1."

Defendant on the stand later denied receiving or having writings, evidence of which is said to have been admitted erroneously.    When plaintiff sought to introduce authenticated copies of letters in evidence, the following:

"*Mr. Belongy:* You are not seeking to offer those letters in evidence?
"*Mr. Grose:* Yes.
"*Mr. Belongy:* I object.    We have not been subpœnaed to produce the original.    I think it is incompetent to be introduced at this time.
"*The Court:* In what particular did you say this subpœna is insufficient?
"*Mr. Belongy:* That is not a true copy of the original, if your honor please.
"*The Court:* In what particular?
"*Mr. Belongy:* Does not bear a copy of the signature of the clerk who signed for Thomas Farrell. There is no copy of the seal, either."

Whether the subpœna was good or bad is now unimportant, for the record shows sufficient foundation for receiving secondary evidence of the writings in question.

2. Defendant insists that certain testimony was received improperly.    No objection was made to it.

3. Defendant, lastly, contends, that as plaintiff was not a registered architect he cannot recover; citing Act No. 120, Pub. Acts 1915 (2 Comp. Laws 1915, § 6873 *et seq.*).

This statute was repealed by Act No. 334, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 6897 *et seq.*). Approved May 13, 1919.    So far as here applicable such later statute forbids the use of the title "registered architect" by one not registered under the act.    Plaintiff neither claimed nor held himself out

to be an architect. The statute after providing that:

"Neither the State, nor any county, township, municipality or village, shall engage in the construction or maintenance of any public work of an architectural or engineering character, for which construction or maintenance, the plans, specification and estimates shall not have been prepared by a registered architect or a registered engineer under this act," etc.,

further provides:

"SECTION 21. Nothing in this act shall prevent any person from doing any of the engineering, architectural or surveying work mentioned herein upon or in connection with the construction of residence buildings, barns or garages and other private buildings."

The building proposed was a private one. The contention has no merit.

Judgment affirmed.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.