**McGILL, et, Plaintiffs, v CARLOS, et, Defendants.**

Common Pleas Court, Guernsey County.

Decided December 27, 1947*

Melton Boyd, Cambridge, for plaintiffs.
Joseph W. McNerney, Zanesville, Forest A. MacDonald, Columbus, for defendants.

*No appeal taken.

## OPINION

By LAMNECK, J.

This case is now before the Court on the plaintiff's motion for a new trial. In their petition, the plaintiffs, W. S. McGill and J. S. McGill, partners, doing business as the McGill Construction Company, ask for judgment against the defendants in the sum of $640.00, with interest, claiming that on or about March 1, 1946, the defendants employed the plaintiffs to design and prepare plans and specifications for the construction of a dwelling house in the Village of New Concord for which the defendants were to pay the plaintiffs a fee of 5% of the estimated cost of construction. To this petition, the defendants filed an answer, constituting a general denial.

At the close of the plaintiff's evidence, the Court sustained the motion of the defendants for a directed verdict on the ground that neither partner nor the person who actually prepared the plans and specifications in question was an architect registered under the provisions of §§1334 to 1334-21 GC, inclusive, relating to the registration of architects.

Generally, a contract may be defined as a deliberate covenant or agreement between two or more competent parties upon a legal consideration to do or not to do some specified act or thing.

Under this definition, the plaintiffs are not entitled to maintain their action if it is shown that they are not competent parties to enter into the contract upon which they seek to recover.

The evidence submitted by the plaintiffs showed that they were engaged in the construction of dwelling houses and other buildings; that some time prior to March 1, 1946, the plaintiffs submitted plan books to the defendants and thereafter some preliminary sketches for the construction of a proposed dwelling house for the defendants, at their request; that on or about March 1, 1946, the defendants retained the plaintiffs to prepare plans and specifications for a dwelling house in New Concord, Ohio, with the oral understanding that the defendants were to pay to the plaintiffs 5% of the estimated cost of the construction for the plans and specifications in the event the defendants did not engage the plaintiffs to build such dwelling house; that completed plans and specifications were prepared by them and delivered to the defendants, which included the defendant's design and detail; that thereafter, the defendants decided not to build; and that neither partner, nor David Anderson, an employee of the plaintiffs'

who prepared the plans and specifications, was licensed or registered as an architect under the laws of this State.

It is well settled that a contract made in violation of a valid statute is unlawful and void, and will not be enforced. (Savings and Loan Co. v Finance Co., 114 Oh St 523, 151 N. E. 645; Gross v Campbell, 118 Oh St 285, 160 N. E. 852.)

Under the first paragraph of §1334-17 GC, it is "unlawful for any person in the State of Ohio to enter upon the practice of architecture in the State of Ohio, or to hold himself or herself forth as an architect or registered architect, unless he or she has complied with the provisions of this act and is the holder of a certificate of qualifications to practice architecture issued or renewed and registered under the provisions of this act."

Also under §1334-18 GC, any person violating any provision of the act requiring the registering of architects is guilty of a misdemeanor and is subject to a fine.

Under the weight of authority in other jurisdictions, it is held that laws prohibiting the practice of architecture by persons who are unlicensed are not unconstitutional on the theory that such statutes are a proper exercise of the police power to protect the public safety and health. (State v Lower, et. al., 36 L. R. A. (N. S.) 1203, 96 N. E. 346 (Ill.); Bowen v Schenectady, 240 N. Y. S. 784;)

Sec. 1334-17 GC, contains two prohibitions, viz.:

(1) An unlicensed person may not practice architecture in the State of Ohio, and

(2) An unlicensed person may not hold himself or herself forth as an architect or registered architect.

It must be conceded from the evidence submitted that the plaintiffs held themselves forth as contractors and builders and not as architects, and if the alleged contract in question is illegal and void, it must be on the theory that what the plaintiffs contend they contracted to do constituted the practice of architecture.

The Ohio Act contains a number of exemptions and exceptions. Sec. 1334-16 GC, contains five exemptions of persons not required to be licensed, which does not include the plaintiffs as contractors or builders.

Under §1334-17 GC, the following operations are not prohibited by unlicensed persons:

(1) The filing of an application for a building permit, or obtaining such permit, even though the drawing therefor is not signed by a registered architect.

(2) The designing of a building and supervising the construction thereof by the owner thereof for his own use.

The Court feels that these two exceptions were intended primarily to enable an owner to design plans and specifications for the construction of a building for his own use and when required, to file and obtain a building permit therefor. This statute also seems to permit persons other than the owner or an architect to file applications for and obtain building permits on drawings prepared by persons other than registered architects. As no part of the plaintiffs' claim is based on a claim for services for securing a building permit, the Court is of the opinion that the aforesaid exceptions have no application to the instant case.

There are a number of decisions in other jurisdictions which would permit a contractor who is not a registered architect to recover for drawing plans and preparing specifications for the construction of a dwelling house where it was understood that such contractor would receive a certain percentage of the estimated cost of construction in the event such contractor who prepared the plans and specifications was not engaged to construct the building, provided such contractor did not advertise or hold himself out as an architect. (See Sherwood v Wise, 132 Wash. 295, 232 Pac. 309; Fischer v Landisch, 234 N. W. 498 (Wis.); Payne v DeVaughn, 246 Pac. 1069 (Cal.); Brown v Glass, 167 S. E. 722 (Ga.); Bollin v Fahl, 206 N. W. 495 (Mich.).) However, these decisions were rendered under statutes which only prohibit an unregistered person from using the term "architect," or which include an exception that made the act inapplicable to an unregistered person under certain circumstances. Under the laws of California, St. 1901, P. 641, the Statute permits an unlicensed person to practice if the person to whom services are furnished is informed that the person rendering the service is unlicensed.

The decision in Bollin v Fahl, supra, was under a statute which provided that "Nothing in this act shall prevent any person from doing any of the engineering, architectural or surveying work mentioned herein upon or in connection with the construction of residence buildings, barns, or garages, and other private buildings." In State v Rodgers, 167 Tenn. 314, 69 S. W. (2d) 1093, the Court held that the practice of architecture included the furnishing of plans and specifications for the construction of dwelling houses. In Wedgewood v Jorgens 157 N. W. 360 (Mich.), a contractor who was an unregistered architect could not recover for preparing plans and specifications for contemplated building under an ordinance which requires architects to pay an annual license fee. To the same effect are Construction Corporation v Dempsey, 21 N. Y. S. (2d) 117, and Cantrell v Perkins, 146 S. W. (2d) 134, (Tenn.).

The word "practice" as used in §1334-17 **GC,** means the exercise of a profession, and "to enter upon the practice of architecture," means to exercise the profession of an architect. Primarily, an architect is a person who plans, sketches and presents the complete details for the erection, enlargement, or alteration of a building or other structure for the use of the contractor or builder when expert knowledge and skill are required in such preparation. The practice of architecture may also include the supervision of construction under such plans and specifications. See Webster's New International Dictionary, The New Century Dictionary, 3 **O. Jur., Sec. 1, page** 115, 46 L. R. A. (N. S.) 112; 3 Amer. Jur. Sec. 2, page 998.

It would appear from the foregoing that in this state:

(1) An owner may employ a builder to construct a building for him without the services of a registered architect, there being no such requirement.

(2) That an owner may design a building and supervise the construction thereof for his own use without being a licensed architect under the exception in §1334-17 GC.

(3) That a builder who is not a registered architect may contract to furnish plans and specifications for the construction of a building for an owner provided the plans and specifications are prepared by a registered architect.

But the Court is of the opinion that under the laws of the State of Ohio, a builder who is not a registered architect may not prepare complete plans and specifications for the construction of a building for another, when expert knowledge and skill are required in such preparation, and that such laws apply to persons engaging in single isolated architectural transactions as well as persons attempting to practice architecture as a business or profession.

It appearing from the plaintiffs' evidence that the preparation of the plans and specifications for the construction of the contemplated building in question required expert knowledge and skill, since it was estimated to cost $12,800.00, and that neither the plaintiffs nor the person they employed to prepare the plans and specifications were registered as architects under the laws of the State, it will be ordered that the motion for a new trial be overruled.