THOMAS, Justice.
In a complaint the appellee charged 'the appellants with having engaged in the practice of architecture by preparing plans for four residences each to cost more than $10,000 when none of the appellants had gotten a certificate of registration in compliance with Sec. 467.09, Florida Statutes, F.S.A.
The motion of the appellants to dismiss the complaint on the ground, among others, that the law was invalid as offending Secs. 1 and 12 of the Declaration of Rights of the Florida Constitution, F.S.A. and Sec. 1 of Amendment XIV of the Constitution of the United States was denied.
So the matter is now being entertained by this court via interlocutory appeal under appellate Rule 4.2, 31 F.S.A., a procedure we recognized in City of Miami v. Aronovitz, Fla., 114 So.2d 784; Cramp *263 v. Board of Public Instruction of Orange County, Fla., 118 So.2d 541; and Odham v. Foremost Dairies, Inc., Fla., 128 So.2d 586, although the review will be confined to that employed in certiorari proceedings as provided in Sec. 4(2), Art. V of the Constitution as amended in 1956.
It is the insistence of the appellants that the standard set in the act for determining conditions under which plans and specifications may be made by persons not registered as architects or engineers is arbitrary, unreasonable and capricious. The whole chapter, number 467, is devoted to regulation of the practice of architecture, a field in which the appellants concede the legislature may legislate through exercise of the police power.
In Sec. 467.09, the practice of architecture is defined as planning or designing the erection, enlargement or alteration of buildings for others or furnishing architectural supervision of such activities. A building is described as a structure consisting of “foundations, walls and roof.”
The part of the section immediately pertinent affords an exemption from the qualifications for the practice of architecture detailed elsewhere in the chapter by providing that anyone may prepare plans and specifications for a one- or two-family residence building costing less than $10,000 or any other kind of building, except certain types for the mass assemblage of people, costing less than $5,000.
The spearhead of the attack is pointed at the use of the dollar as the unit of measurement. This standard, say the appellants, is indefinite, unreasonable, arbitrary and capricious. We find insurmountable difficulty in accepting the view that the total cost of a building in dollars is a capricious, unreasonable and oppressive method of delimiting the field of operation of one not certificated to practice in a profession deserving expertness in the science or art of building including safety of construction and decora-tiveness of treatment. And we think that in common parlance it is much more definitive and much more informative to describe-a residence as having cost a certain number of dollars than to say it contains so' many thousand square feet. True, the dollar fluctuates from time to time but it is the measure of our commercial, business and economic life. Certainly it should suffice as a means of demarcation between those, who are not limited in their practice of architecture because fully trained, qualified and certificated and those who are not thus equipped. It may be that the sums fixed are arbitrary in that they are based on the will of the legislature without benefit of rule or law, but it does not follow that they are capricious or tyrannical.
The appellants have resorted to a most unusual approach to the proposition they urge by drawing our attention to a case in Alabama in which the trial court struck down a similar act. But they tell us in all candor that the Supreme Court of that State reversed the decision in State of Alabama ex rel. Attorney General v. Spann, 270 Ala. 396, 118 So.2d 740; then they argue how wrong the Supreme Court was in its decision. To borrow from their brief they say that “It is respectfully submitted the decision in the above cited case is erroneous.” Thus the decision is at once cited and condemned. ¡
Gist of the Alabama decision was that the legislature had inherent power to declare that while protection of the public required that a given building be designed by a licensed architect a relatively simple edifice to be used by few persons, such as a one- or two-family dwelling might not be considered to require the ‘full treatment’ of architectural superintendence.
Appellants’ real critcism of the Alabama decision is the statement in it that a residence costing $10,000 would practically insure smallness, simplicity and use by few people.
We consider this a sensible statement and one coinciding with our view on the subject
*264 Another curious feature of the litigation is that the appellants undertake to have us declare the whole section of the act invalid although they are immediately concerned only with the exemptive portion. They argue that the legislature would not have enacted the whole section “without including those exemptions which defendants [appellants] contend are unconstitutional.” This language indicates that the assault was made only on the portion of the section which advantages the appellants. But it is plain from the record that they charged the entire section with invalidity.
We hold that the section assailed withstands tlie attack upon it and the decree of the chancery court is upheld.
DREW, C. J., and ROBERTS, THOR-NAL, O’CONNELL, CALDWELL and ERVIN, JJ., concur.