NEW JERSEY STATE BOARD OF ARCHITECTS, PLAINTIFF,
v. EARL ARMSTRONG, DEFENDANT.

District Court
Burlington County

Decided September 21, 1964.

*Mr. Arthur J. Sills,* Attorney General of the State of New Jersey (*Mr. Remo M. Croce,* Deputy Attorney General, appearing), attorney for plaintiff.

*Mr. George H. Barbour,* attorney for defendant.

Wood, A. C., J. C. C. This action is brought by the New Jersey State Board of Architects to recover from the defendant Armstrong a penalty as provided in *N. J. S. A.* 45:3–10 on the asserted ground that defendant has unlawfully engaged in the practice of the profession of architecture in violation of the statute.

The facts are stipulated. The defendant, who is not a licensed architect, drew up a set of plans for a dwelling house and cocktail lounge located on Marne Highway in Masonville, a part of Mount Laurel Township. The dwelling house was for the personal occupancy of defendant and his wife and the cocktail lounge or tavern is an integral part of the same structure and is owned and operated by the defendant and his wife. The plans drawn by the defendant were submitted to the building inspector of the Township of Mount Laurel and a building permit was issued to the defendant on December 18, 1962. The defendant personally constructed the building depicted in the plans. The defendant has never been charged with the preparation of any other building plans.

The State Board contends that the drawing of said plans constituted the unlawful practice of architecture within the proscription of *N. J. S. A.* 45:3–10. The defendant denies this and asserts that the drawing of these plans is within the exception set forth in the statute.

*N. J. S. A.* 45:3–10 provides in part as follows:

"Any person who shall pursue the practice of architecture in this State, or shall engage in this State in the business of preparing plans, specifications and preliminary data for the erection or alteration of any building, except buildings designed by licensed professional engineers incidental or supplemental to engineering projects, or use the title architect or registered architect, or shall advertise or use any title, sign, card or device to indicate that such person is an architect, without a certificate thereof or while his certificate is suspended, in accordance with the provisions of this chapter, or any person aiding or assisting such person not having a certificate to practice architecture or while his certificate to practice architecture is suspended, shall be liable to a penalty of not less than $200.00, nor more than $500.00 for the first offense, and a penalty of not less than $500.00 nor more than $1,000.00 for a second or each subsequent offense, which penalty shall be sued for, and recovered by and in the name of the board. The

payment to the board of an amount at least equal to the minimum penalty prescribed in this act, prior or subsequent to the commencement of proceedings for the recovery of a penalty shall be deemed and construed to be a conviction, and any subsequent violation shall be considered an additional offense.

Any single act or transaction shall constitute engaging in business or the practice of architecture within the meaning of this chapter. * * *"

There follows the exception under which the defendant claims protection:

"Nothing herein contained shall prohibit * * * any person in this State from acting as designer of any building that is to be constructed by himself for his own occupancy or occupancy by a member or members of his immediate family, * * *."

The State Board contends that since the exception permits the designing by a non-architect of a building only if it is to be constructed by himself and for occupancy by himself or member of his immediate family, it contemplates a building "necessarily simple in design" which is exclusively for *residential* occupancy by the designer or members of his family. It follows, says the State Board, that, since the building in question was designed not only as a residence for the defendant and his wife, but as a cocktail lounge and tavern, it is not within the exception of the statute.

The court is unable to agree.

*N. J. S. A.* 45:3–10 is a statute that enforces a penalty for transgressing its provisions or doing a thing prohibited. It is therefore a penal statute and as such must be strictly construed. *Gionti v. Crown Motor Freight Co.,* 128 *N. J. L.* 407 (*E. & A.* 1942).

The State would narrow the exception by inserting several elements not expressed therein.

It is contended that the exception contemplates a building "necessarily simple in design," inasmuch as the building must be one to be constructed by the designer. But the statute contains not one word as to the simplicity or complexity of the structure. It is entirely conceivable that a skilled builder

might be quite capable of designing for himself a building of considerable complexity, even though not a licensed architect.

Next the Board contends that the exception contemplates only a building designed exclusively as a residence. There is nothing in the statute to justify such a construction. The statute expressly does not prohibit any person from acting as designer of *a building* under the conditions laid down. The word "building" as here used cannot be said to be limited to residential structures. Webster has defined the word as

"a fabric or edifice, framed or constructed, designed to stand more or less permanently, and covering a space of land, for use as a dwelling, storehouse, factory, shelter for beasts, or some other useful purpose."

Obviously, a building may be erected for any one or more of many purposes. It follows that *occupancy* of a building may be for any one or more of many purposes. Here it is clear that the occupancy of the building in question was intended to be by the defendant and his wife, not only for the purpose of a residence but also for the carrying on of a business owned and operated by themselves. The mere fact that the business is one which by its nature extends an invitation to the public to enter a portion of the building during certain hours of the day and certain days of the week is immaterial. The plaintiff acknowledges that the term "occupancy" generally refers to actual possession. While in some situations it may also refer to mere physical presence of a person in a given place, that cannot, in my opinion, be said to be the sense in which it is used here. The statutory exception contemplates possession by the designer for whatever lawful purpose he may choose. If the Legislature had intended the exception to be limited to residential occupancy it could quite easily have said so. The Legislature in its wisdom did not so limit the term.

An examination of the statutes collated by the Attorney General in his excellent brief tends to confirm, in my mind, the opinion set forth above. In cases where the exception was intended to be limited to the designing of residential structures that intent has been clearly set forth in the legislation.

In particular, the Alabama statute, which is interpreted in *State ex rel. Attorney General v. Spann,* 270 *Ala.* 396, 118 *So. 2d* 740 (*Sup. Ct.* 1959), upon which plaintiff strongly relies, refers specifically to "any one- or two-family residence building." *Code of* 1940, *Title* 46, § 9, as amended by *Acts of* 1943, *p.* 191.

Plaintiff argues that this construction of the statute would permit a person to design a motel or even an apartment house if he or his family occupied one unit therein. This contention need not be ruled on since this is not the situation before the Court. However, it appears that the contention poses a distinct *non sequitur*. A motel, containing many units, each of which may be occupied in the residential sense for long or short periods of time by members of the public, may well stand on a footing different from the building which is the subject of the present complaint.

I conclude that the building designed by the defendant was, under the facts stipulated, to be constructed by himself for occupancy by himself and his wife as a residence and business establishment, and therefore falls within the statutory exemption.

Judgment will be entered in favor of the defendant.