[Wolf v. Smith.]

# Wolf *v.* Smith.

## *Action for Damages for Injury to Employe.*

(Decided Dec. 20th, 1906.　42 So. Rep. 824.)

1. *Master and Servant; Injury to Servant; Complaint; Sufficiency.*— A complaint alleging that while in the discharge of his duties as an employe in defendant's mine, a stick of dynamite exploded in his hand injuring him, and that the injury was proximately caused by the negligence of the employer in failing to provide a reasonably safe place, to work, shows sufficiently a causal connection between the injury and the negligence, and is not open to demurrer that it does not state facts sufficient to constitute a cause of action, that no act of negligence is averred, and that the negligence averred is a conclusion.

2. *Appeal; Rulings on Demurrer; Review.*—Where the record shows the granting of a motion to strike out parts of a complaint, but does not show what parts were stricken, nor whether the complaint as shown by the record was the same as when the demurrer was sustained to it, this court cannot review the ruling on demurrer.

3. *Master and Servant; Injury to Servant; Mines; Violation of Statute.*—Section 2917, Code 1896 imposes a statutory duty on the operator of mines for the benefit of the employe therein, and the mine operator is liable in a common law action to an employe injured in consequence of its violation, though such section neither attaches a penalty to nor provides a remedy for a failure to comply with its terms.

4. *Pleadings; Count; Incorporation of Averments of Preceding Counts.*—The averments of a former count may be incorporated in a subsequent count by being therein expressly referred to.

5. *Master and Servant; Injury to Servant; Complaint; Sufficiency.* A complaint alleging that it was the duty of the mine operator, while operating it, to provide a stretcher and a woolen and water-proof blanket for use in carrying away injured persons, and to keep in store at the mine, oil, and bandages for use in emergency, and that the operator of the mine failed to furnish such articles, sufficiently states the duty imposed on the mine operator by Section 2917 of the Code of 1896.

6. *Mines and Minerals; Statutory Regulation; Validity.*—Section
   2917, Code 1896, prescribes what shall be necessary as a part
   of the proper equipment of a mine before any person shall
   engage in the business of mining, and is valid as a regulation
   for the protection of the public welfare and comfort.

7. *Master and Servant; Injury to Servant; Mines; Violation of Stat-
   utory Duty.*—A negligent failure of an operator of a mine to
   comply with the requirements of Section 2917 of the Code of
   1896, may give a cause of action to an employee injured while
   in the performance of his duty, without negligence on the
   part of the operator or his servant.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by D. C. Wolf against R. D. Smtih. From a
judgment for defendant, plaintiff appeals. Reversed
and remanded.

This was an action for damages. The complaint con-
tains five counts, the first of which is in the following
language: "Plaintiff claims of the defendant $20,000
damages, in this: That on and prior to the 3d day of
February, 1904, the defendant was engaged in operating
Bradford Mines, in Jefferson county, Alabama; that on
the date aforesaid plaintiff was in the employment of
the defendant, and while in a discharge of his duties,
under his employment, a stick of dynamite or other ex-
plosive exploded in his hand, so badly injuring him that
one eye was put out, both of his hands had to be ampu-
tated, and his hearing was impaired; that he has suf-
fered great mental agony and physical pain; that he has
paid and has obligated himself to pay large sums of
money for medicine, medical and surgical attention,
and nursing; that he has lost his earning power; that
he was confined to his bed for a long space of time; that
he was rendered sick, sore, and lame; that he was per-
manently injured and disabled. And plaintiff avers
that his said injuries were proximately caused by the
negligence of the defendant in failing to provide him
with a reasonably safe place in which to do his work
under his employment. Wherefore he sues and claims
damages as aforesaid." It is unnecessary to set out the
second count, or the motions and demurrers filed there-
to, as the record fails to disclose intelligently the ac-

[Wolf v. Smith.]

tion of the trial court thereon.  Count 3:  "Plaintiff claims of the defendant $20,000 damages, in this: That on the 3d day of February, 1904, defendant was operating a coal mine, called 'Bradford Mines,' in Jefferson county, Alabama; that plaintiff was working in said mine as an employe of the defendant, and while at work therein was injured and damaged, as is more particularly set out in the first count of this complaint.  And plaintiff avers that it was the duty of the defendant, while operating said mine, to provide a stretcher properly constructed, and woolen and water-proof blankets in good condition, for use in carrying away any person that might be injured while at work in said mine.  Plaintiff avers that the defendant negligently and wholly failed to provide such stretcher and blankets, and because thereof, when plaintiff was injured as aforesaid, which was in the nighttime, and the weather was very cold, on account of the failure of defendant to provide such stretcher and blanket, he was compelled to walk a long ways on foot through the mud, and he was compelled to wade through cold water; that plaintiff was at the time wet, and that his injuries were greatly aggravated, and his suffering greatly increased, both mentally and physically, on account of the failure of defendant to provide such stretchers and blankets.  And plaintiff further avers that it was the duty of the defendant to be kept at the store which was at said mine linseed or olive oil, bandages, and linen for use in emergencies.  And plaintiff avers that defendant negligently failed to keep said linseed oil or olive oil, bandages, and linen at said store, and because thereof plaintiff's injuries were greatly aggravated; that by reason thereof his wounds could not be bandaged or oil applied to the same until long afterwards, and after he had been removed a long distance therefrom, and his injuries and suffering were proximately greatly increased thereby."  It is unnecessary to set out the other counts.

The following demurrers were interposed to the first count, and sustained:  "(1) It does not state facts sufficiently to constitute a cause of action against the defendant.  (2) No act of negligence is averred or set out.  (3) Negligence is averred merely as a conclusion

of the pleader. (4) The count fails to allege or show in what respect said place was not reasonable safe for the plaintiff to do his work in." The same grounds of demurrer were interposed to the third count as to the first count. These demurrers were also sustained.

FRANK S. WHITE & SONS, for appellant.—Counsel discuss assignments of error and cite but one authority which is the proposition that the complaint was sufficient as to its averments of negligence.—*Mary Lee C. & R. R. Co. v. Chambliss*, 97 Ala. 171.

WEATHERLY & STOKES, for appellee.—The failure complained of should be alleged to be a negligent failure. The counts present a common law action and rule of liability.—*Clements v. A. G. S. R. R. Co.*, 127 Ala. 167. The averment in the complaint is defective in not pointing out in what respect the mine was not safe.— *L. & N. R. R. Co. v. Jones*, 30 South. 590. The mere fact that the duty imposed is statutory does not relieve the plaintiff from the necessity of charging and proving negligence.—*Zeigler v. S. & N. R. R. Co.*, 58 Ala. 594.

DENSON, J.—This action sounds in damages for a personal injury suffered by the plaintiff in the employment of the defendant. The first count of the complaint is framed with respect to the common-law liability of the master, and ascribes the injury to the negligence of the master in failing to provide a reasonably safe place for plaintiff to do the work he was employed to do. It is true a complaint in suits of this character must show sufficient causal connection between the act complained of and the injury. While the averments of the complaint are general, yet, under the numerous adjudications of this court in respect to the sufficiency of such averments, we are of the opinion that the count shows with sufficient certainty causal connection between the injury and the cause averred, and the demurrer to the first count should have been overruled.

A demurrer to the second count was sustained, but the judgment entry shows that on motion of the defendant certain parts of the count were stricken out, with-

out showing the parts that were stricken. The motion to strike does not appear in the record, and we have no way of determining what parts of the count were stricken, nor whether the count as it appears in the complaint, as shown by the record, is the same that it was when the court ruled on the demurrer. The only demurrer to the count bears date of filing August 16, 1904, the motion to strike was granted the 3d day of November, 1905, and the granting of it precedes the ruling on the demurrer to the count. This state of uncertainty appearing on the face of the record, it would be purely conjectural for this court to say that the count as it stands in the record is the same that it was when the court ruled on the demurrer to it. So we must decline to consider the ruling of the court on the demurrer to the second count.

Obviously count 3, as amended, is based on section 2917 of the Code of 1896, which is in this language: "It shall be the duty of the operator, agent or superintendent of each mine to keep at the mouth of the mine, or at any other such place about the mine as shall. be designated by the chief mine inspector, a stretcher, properly constructed, and a woolen and waterproof blanket in good condition for use in carrying away any person who may be injured at the mines: Provided, that where more than two hundred men are employed, two stretchers and two woolen and waterproof blankets shall be kept in mines generating fire damp. A sufficient quantity of linseed or olive oil, bandages and linen shall be kept in store at the mines for use in emergencies and bandages shall be kept all the time." Manifestly the statute imposes the duty of keeping the articles and emollients mentioned for the benefit of those persons in the employment of the owner or person operating the mine who may be injured at or in the mines while in the performance of their duties as such employes. It is not a common-law duty, but one newly created by statute, and which, but for the statute, might be ommitted. No penalty is attached for a failure on the part of the person operating the mine to comply with the requirements of the statute; but it is a general and well-established rule that the wrongdoer is liable in damages to the

party injured by the violation of a statutory duty.—1 Cyc. p. 679. Neither does the statute provide a remedy for a failure to comply with its terms; but this presents no obstacle to recovery in a proper case against the wrongdoer. The common law affords the remedy, and, if the plaintiff has a cause of action, the proper remedy has been resorted to in this instance.—*Autauga County v. Davis*, 32 Ala. 703; *Birmingham Min. R. R. Co. v. Parsons*, 100 Ala. 662, 13 South. 602, 27 L. R. A. 263, 46 Am. St. Rep. 92.

The third count as amended avers the relation of master and servant, that the defendant was operating a coal mine, that plaintiff was working in said coal mine, and while so working he was injured. The first count sets out the injuries and damages suffered by the plaintiff explicitly, and the count we are considering, in its averments with respect to the injuries, refers to the first count. This is a permissible mode of pleading.— *Bryant v. Southern Ry. Co.*, 137 Ala. 488, 34 South. 562. It also states with sufficient clearness the statutory duty imposed on the defendant and the defendant's negligent breach of that duty. It is also averred that, by reason of the negligent failure to comply with the statutory requirements, plaintiff's injuries were greatly aggravated; that his wounds could not be bandaged or oil applied to them until long after they were received, and he had been removed along distance from where the injuries were received. It is not averred, in the count that the injury received by the plaintiff was caused by negligence on the part of the defendant, or of any one for whose act the defendant is responsible. The court sustained a demurrer to the count as amended; the material ground of the demurrer being that the count as amended fails to set forth a substantial cause of action. The theory of the demurrant is that the statute is violative of the Constitution, in that it arbitrarily invades the rights of the defendant and deprives him of his property rights without due process of law, and in its enactment that the Legislature was not within a legitimate exercise of the police power of the state. It is obviously true that, unless the statute falls within the class of police regulations, it cannot be

[Wolf v. Smith.]

upheld, if its effect is to require the mine owner or operator to keep the articles at the mine for the use of empoyes who may be injured there, without compensation from any source. That would be depriving the defendant of his property without due process of law. "Private property shall not be taken for private use."— *L. & N. R. R. Co. v. Baldwin*, 85 Ala. 619, 627, 5 South. 311, 7 L. R. A. 266; *Moorse v. Stocker*, 1 Allen (Mass.) 150; *State v. Glen*, 7 Jones, Law (N. C.) 321; *Millett v. People*, (Ill.) 7 N. E. 631, 57 Am. Rep. 869, 873.

The section of the Code under consideration is section 10 of an act of the Legislature entitled "An act to regulate the mining of coal in Alabama." This act was approved on the 16th day of February, 1897, and now forms chapter 78 of the Code of 1896. That the law was enacted by the Legislature in recognition of the known hazards incident to the business of mining coal, and for the purpose of minimizing such hazards, and of promoting the safety, comfort, and health of those engaged as employes in such business, is discoverable from the subjects dealt with in the act and the treatment of those subjects. To accomplish the purpose in view nothing could be more effectual than the enactment of a law the enforcement of which would secure the proper appointment, the proper construction, and the proper equipment of the mine to be operated. While it is true no citizen can be arbitrarily deprived of his property, at the same time it must be remembered that every citizen holds his property "subject to such reasonable control and regulation of the mode of keeping and use as the Legislature, under the police power, may think necessary for the preventing of injuries to the rights of others and the security of the public health and welfare." We shall not attempt a definition of the police power, that may be learned, if desired, in the text-writers and from the adjudged cases, albeit it has been said that a definition has rarely been attempted by the courts, and the attempt has never been attended with complete success.—*Re Morgan*, (Colo.) 58 Pac. 1071, 47 L. R. A. 52, 77 Am. St. Rep. 269; *C., B. & R. R. Co. v. Nebraska*, 47 Neb. 549, 66 N. W. 624, 41 L. R. A. 481, 53 Am. St. Rep. 557. "The reason for the existence of the police power

rests upon the theory that one must so use his own as not to injure others, and as not to interfere with or injure the public health, safety, morals, or general welfare."—*Re Morgan, supra;* Cooley's Const. Lim. (6th Ed.) 710; Tiedeman on Lim. of Police Power, § 1; Potter's Dwarris on Statutes, p. 458; *State v. Harrington,* 68 Vt. 622, 35 Atl. 515, 34 L. R. A. 100. It is a truism that the Legislature, in selecting a subject for exercise of the police power, must keep within its proper scope. "And the Legislature cannot, under the guise of a police regulation, arbitrarily invade private property or personal rights; but the court must be able to perceive some clear and real connection between the assumed purpose of the law and its actual provisions." We cannot doubt that the general subject of the legislation is within the legitimate exercise of the police power.

With respect to the particular section of the act involved in this discussion, the legislative power is apparent. It is that the material, articles, and emollients should be ready and easily accessible in caring for the class of persons designated, in alleviating their pain and suffering, and probably for the saving of their lives. It may be, we cannot tell, that there might be instances when such articles, ready at the place for use, would be the means for saving the life of the injured. It seems to us that furnishing the material, articles, and emollients required by the statute—section 2917 of the Code of 1896—should be considered, and was intended by the Legislature, as a part of the proper equipment of a coal mine, necessary before any person should engage in that business which, according to common knowledge, is beset with many dangers, and in the prosecution of which accidents are known frequently to occur. In this view it seems that it may be reasonably said that the statutory requirements tend to conserve the comfort and welfare of those who are subjected to the dangers; therefore, that the public welfare and comfort are involved; and that in the enactment of the statute the Legislature was within the legitimate exercise of the police power.—*Peoples v. Smith,* (Mich.) 66 N. W. 382, 32 L. R. A. 853, 62 Am. St. Rep. 715; *Health Department v. Rector of Trinity Church,* 145 N. Y. 32, 39 N.

E. 833, 27 L. R. A. 710, 45 Am. St. Rep. 579. We need not decide what would be the result if the statute had gone to the extreme as instanced in appellee's brief. Considering the articles required to be furnished a part of the proper equipment of the mine, a negligent failure to furnish them may give a cause of action to an employe injured while in the performance of his duties without negligence on the part of the master or his servants.

Upon these considerations we conclude that the third count as amended presents a cause of action and is not subject to the demurrer interposed. For sustaining the demurrer to this count, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, J. C., and HARALSON and SIMPSON, JJ., concur.