268 So.2d 829

The GADSDEN TIMES PUBLISHING CORPORATION, a corporation

v.

Sam DEAN.

7 Div. 50.

Court of Civil Appeals of Alabama.

Aug. 23, 1972.

Rehearing Denied Sept. 20, 1972.

Dortch, Wright, Cobb & Ford, Gadsden, for appellant.

Burns, Carr & Shumaker and Thomas E. Davis, Gadsden, for appellee.

PER CURIAM.

This is an appeal from the Circuit Court of Etowah County on a two-count complaint filed by appellee. One count of the complaint is on an account in code form. Count two was brought under Tit. 30, § 7(1), Code of Alabama 1940. The matter was submitted to the trial court without a jury on an agreed statement of facts and thereafter judgment was entered for appellee (plaintiff below) in the amount of $63.-90 plus costs.

The stipulated facts reveal the following: Appellee was employed by appellant during the week of November 3, 1969; that during the week of November 3, 1969, the appellee was subpoenaed for jury duty and, in fact, did serve on the jury on November 3, 4, and 5, 1969; that appellee was paid for said jury duty by the circuit clerk of Etowah County, Alabama; that appellee made demand upon appellant for the payment to him of $63.90, which sum represented the difference in his jury pay and

his usual compensation, pursuant to Tit. 30, § 7(1), Code of Alabama 1940; that defendant refused to pay and has continuously refused to pay the plaintiff the said sum.

Tit. 30, § 7(1), Code of Alabama 1940, reads as follows:

"Upon receiving a summons to report for jury duty, any employee shall on the next day he is engaged in his employment exhibit the summons to his immediate superior and the employee shall thereupon be excused from his employment for the day or days required of him in serving as a juror in any court created by the constitutions of the United States or the state of Alabama or the laws of the United States or the state of Alabama. Notwithstanding the excused absence as herein provided, any full-time employee shall be entitled to his usual compensation received from such employment less the fee or compensation he received for serving as such juror. It shall be the duty of all persons paying jurors their fee or compensation for services to issue to each juror a statement showing the daily fee or compensation and the total fee or compensation received by the juror."

Appellant argues some five assignments of error which can be categorized as follows: Assignment of Error No. (1) contends that the judgment of the trial court is erroneous in that Tit. 30, § 7(1), Code of Alabama 1940, is in violation of § 1 of the fourteenth amendment to the Constitution of the United States. Assignment of Error No. (3) contends that the judgment of the trial court is erroneous in that the same code section violates art. I, § 23, of the Constitution of Alabama of 1901. Assignments of Error Nos. (4) and (8) are to the effect that the complaint fails to state a cause of action under Tit. 30, § 7(1), Code of Alabama 1940. The last assignment of error argued attacks the sufficiency of the evidence to support a judgment on either count of the complaint.

Appellant, in his brief, persuasively contends that the Constitution of the United States is violated in that Tit. 30, § 7(1), Code of Alabama 1940, takes property from the appellant without due process of law, and denies appellant equal protection of the law. To this contention, appellee cites authority that the legislative act in question is a valid exercise of the state of Alabama's police power to protect the general welfare of the public.

This dispositive question presented by this appeal as we view it is whether or not an employer's constitutional rights are violated when he, the employer, is required to pay his employee, during his absence from work while performing jury duty, his usual compensation for such employment less the fee or compensation the employee receives for serving as a juror, where such employer, naturally, during the absence, receives no services from the employee.

Every presumption is in favor of the constitutionality of an act of the legislature. The Supreme Court of Alabama has said:

"[T]his court will not declare it invalid unless, in its judgment, the act clearly and unmistakably comes within the inhibition of the constitution. . . ." Mobile Housing Bd. v. Cross, 285 Ala. 94, 97, 229 So.2d 485, 487.

The Supreme Court further stated, in Brittain v. Weatherly, 281 Ala. 683, 685, 207 So.2d 667, 668:

"It is the duty of courts to sustain the constitutionality of a legislative act unless it is clear beyond a reasonable doubt that it is in violation of the fundamental law. . . ."

■ In passing upon the constitutionality of a legislative act the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than to strike down the enactment of a coordinate branch of the government. Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810.

■ Courts do not hold statutes invalid because they think there are elements therein which are violative of natural justice or in conflict with the courts' notion of natural, social, or political rights of the citizen, or even if the courts think the act harsh or in some degree unfair, and ■ Courts do not hold statutes invlid ful propriety. All of these questions of propriety, wisdom, necessity, utility, and expediency are held exclusively for the legislative bodies and are matters with which the courts have no concern. The only question for the court to decide is one of power, not of expediency or wisdom. Alabama State Federation of Labor v. McAdory, supra; City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61; State v. Alabama Fuel & Iron Co., 188 Ala. 487, 66 So. 169.

■ The above stated principles are, of course, strongly adhered to by this court; however, where the protection of the Federal Constitution is sought to overthrow legislation the courts must determine whether such legislation is a fair, reasonable and appropriate exercise of the state's power. Lash v. State, 244 Ala. 48, 14 So. 2d 229.

The Supreme Court of the United States has said that police power has no exact definition. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27. The Supreme Court of Alabama, in Wolf v. Smith, 149 Ala. 457, 463, 42 So. 824, 826, said:

"We shall not attempt a definition of the police power, that may be learned, if desired, in the text-writers and from the adjudged cases, albeit it has been said that a definition has rarely been attempted by the courts, and the attempt has never been attended with complete success. . . ."

■ It can be said that the police power of the state may be employed to protect the

health, safety, morals, and general welfare of the community. In *Allinder v. City of Homewood*, 254 Ala. 525, 531, 49 So.2d 108, 112, Mr. Justice Foster said:

"Such power is not limited to protection of public health, but extends to matters of public convenience and matters pertaining to public wellbeing or welfare. . . ."

Neither appellant nor appellee, in their excellent briefs, point out to the court any state which has enacted a statute similar to the one in question. The court's research reveals only one such similar statute, which was enacted by the legislature of the state of Hawaii and is cited as H.R.S. § 388-32. The Hawaii act requires that every employer who employs more than twenty-five persons shall pay to each of his employees who serves on the jury or public board compensation in an amount equal to the difference between the remuneration which the employee receives for such service on a jury or public board and any other remuneration he would have received from his employer had he not served on the jury or public board.

The constitutionality of that statute was tested in *Hasegawa v. Maui Pineapple Company*, Hawaii, 475 P.2d 679. The Supreme Court of Hawaii held that this act of the legislature was not a valid exercise of the state's police power but was a class distinction in violation of the equal protection clauses of both the Hawaii and Federal Constitutions. The Hawaii Supreme Court, in the *Hasegawa* case, *supra,* cites and attempts to distinguish the case of Day-Brite Lighting v. Missouri, 342 U.S. 421, 72 S.Ct. 405, 96 L.Ed. 469 (1952).

Appellee, in his brief, cites to us *Day-Brite, supra.* The Hawaii Supreme Court determined that the rationale of the Supreme Court of the United States in *Day-Brite Lighting,* in holding that a Missouri legislative act which made it a misdemeanor for any employer to deduct wages from an employee who absented himself from his place of employment to vote was a val-

id exercise of the police power of the state of Missouri, was based upon the fact that the evil attempted to be corrected was that employers might use their power over employees' wages to coerce them in voting. The Supreme Court of Hawaii, in *Hasegawa, supra,* determined the purpose of their statute, H.R.S. § 388-32, was not to prevent employer coercion of employees in the exercise of their franchise, but rather was to insure that those rendering services to the state receive adequate compensation. This, we also determined, is the purpose of the Alabama statute. The issue is the reasonableness of a legislative decision as to who should be called upon to pay this compensation.

The fourteenth amendment to the Constitution of the United States does not interfere with a proper exercise of the police power of a state, but the power must be so exercised as not to invade unreasonably the right guaranteed by the Federal Constitution.

The fourteenth amendment provides no state shall deprive a person of his life, liberty, or property without due process of law or deny to any person within its jurisdiction the equal protection of the law.

The Supreme Court of the United States, in Coppage v. Kansas, 236 U.S. 1, 34 S.Ct. 240, 59 L.Ed. 441, said that if in a statute there is no object or purpose, express or implied, that is claimed to have reference to health, safety, morals, or public welfare, beyond the supposed desirability of leveling inequalities of fortune by depriving one who has property of some part of what is characterized as his financial independence, an unconstitutional interference with the normal exercise of personal liberty and property rights is the primary object of the statute. It is not an incident to the advancement of the general welfare and is barred by the fourteenth amendment.

Here, the only apparent intent of the legislative act is that an employee shall not suffer economic loss while serving as a ju-

ror. Jurors are, while it may be a meager sum, paid by the state. Tit. 11, §§ 14 and 98, Code of Alabama 1940. These code sections clearly show that the state legislature, by enacting the above and various local acts, have determined what the amount of jury pay should be and where it is to be derived, to wit, the county treasury. The statute at bar would require employers to, in effect, supplement this pay while requiring others to make no contribution.

Service as a juror is, in effect, part-time public employment; however, in increasing jury pay the legislature did not assess the general public by apportioned taxation. Instead, the legislature made a class distinction and placed the cost of increased jury pay for some of our citizens solely on private employers. There is no specific benefit to employers that would justify this class distinction. Absent such a benefit there is no basis for singling out this one group from the general populace in seeking to achieve the legislative purpose. Hasegawa v. Maui Pineapple Co., *supra*.

The Supreme Court of Alabama has said that the legislature is not prohibited from making reasonable classification in the operation of our laws; but such a classification must be based upon some real and substantial distinction, bearing a reasonable and just relation to the things in respect to which such classification is imposed, and classification cannot be arbitrarily made without any such substantial basis. Arbitrary selection, it has been said, cannot be justified by calling it classification. Birmingham-Tuscaloosa Ry & Utilities Co. v. Carpenter, 194 Ala. 141, 69 So. 626.

■ In exercising the right to classify in order to achieve social goals, the legislature may not act arbitrarily; that is, the classification of a particular group as a subject for the regulation must be reasonable in relation to the purpose of the legislature. The United States Supreme Court, in Allied Stores of Ohio v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480, stated:

"But there is a point beyond which the State cannot go without violating the Equal Protection Clause. The State must proceed upon a rational basis and may not resort to a classification that is palpably arbitrary. The rule often has been stated to be that the classification 'must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. . . .'" (358 U.S. at 527, 79 S.Ct. at 441)

Tit. 30, § 7(1), Code of Alabama 1940, attempts to shift to private employers some of the expense of running the public function of the courts, and this court cannot escape the conclusion that such action is a taking of private property which would require just compensation. The "taking", as we view it, cannot be justified under the state power to tax, because the act is not a general tax measure, and the group who bears the burden, the employer, receives no special benefit.

The goal of our legislature, in seeking to insure that certain citizens do not suffer economic loss while performing jury duty, is a laudable goal, but in this instance it is attempted to be accomplished by unconstitutional means.

It should be noted that the act in question applies to all employers; the corporate employer, the small businessman, the corner service station, the housewife who is fortunate enough to employ full-time domestic help, and to require these persons to supplement jury pay while exempting others from bearing their proportionate share of this essential function is, to this court, unconstitutional.

There is no question but that it is the right of every union, negotiating with an employer, to bargain for no loss of pay while its members are serving as jurors. It is also the right of an individual employee to make the matter in question a condition of his employment, but we do not believe the constitution allows the state to require the same of an employer.

This court is mindful that neither the legislature nor the learned trial judge had any court decision in this state or any state, or any state statute, other than that which we have noted, from which to draw experience or guidance.

█ We must therefore hold that Tit. 30, § 7(1), Code of Alabama 1940, not being justified under either the police power or power to tax, is in violation of the fourteenth amendment to the United States Constitution.

Appellant timely filed a reply brief to appellee's brief. Thereafter, appellee timely filed a motion to strike appellant's reply brief, assigning eight grounds. This court is of the opinion that some of appellee's grounds are well taken and for this reason the appellant's reply brief was not considered by this court.

Having concluded that Tit. 30, § 7(1), Code of Alabama 1940, is violative of the United States Constitution, other assignments argued by appellant need not be considered. The case, therefore, is reversed.

Reversed.

All judges concurring.