This is an appeal from the granting of a summary judgment in favor of Fred Cross, appellee, allowing him as an employee of Juneman Electric, Inc. to recover the amount due him pursuant to § 12-16-8, Code 1975. Juneman Electric appeals, asserting that the trial court erred in finding that Cross was a full-time employee within the meaning of the pertinent statute and that the statute was constitutional.
Fred Cross, a construction electrician, is a member of Local Union 136, International Brotherhood of Electrical Workers (the Union). The Union operates under a collective bargaining agreement negotiated between the Union and the National Electrical Contractors Association (NECA), of which Juneman Electric is a member. Under the terms of that agreement, the Union assigns its members to employers of the NECA who are in need of employees for particular construction jobs. Grievances against the employer must be lodged following the procedure outlined by the collective bargaining agreement.
Pursuant to the referral service specified in the agreement, Cross was referred to and was initially employed by Juneman Electric in November of 1967. Cross worked regular forty hour weeks with Juneman Electric continuously up until 1973, when he was laid off for approximately two months. At the end of that time Cross resumed employment with Juneman Electric until 1975, when he was laid off for approximately nine months. Cross rejoined Juneman Electric in 1976 and worked regularly and continuously until January 1981.
In April of 1978 Cross was summoned for jury duty in the Jefferson County Circuit Court for the week of April 10 through 13. At that time he was regularly employed at Juneman Electric. Approximately one to two weeks before he was required to serve as juror, Cross notified his employer of the summons. On the morning of April 10, Cross reported to work for a short time before he was to report for jury duty. During the next three days, however, he was unable to report for work by reason of his jury service.
When his term of jury duty was up, Cross reported back to work at Juneman Electric. He presented his jury pay slip to his employer, requesting that, pursuant to § 12-16-8, Code 1975, the employer pay him the difference between what he had received as a juror and what his usual compensation would have been for those days he was unable to report to work. Juneman Electric paid Cross his usual compensation for the day of April 10, 1978, but refused to pay Cross any compensation for the remaining three days during which he served as juror. It is undisputed that the amount of compensation claimed by Cross is $236.00.
Cross thereafter filed suit against Juneman Electric in the circuit court to recover the difference between the amount received while serving as juror and the amount of his usual compensation. The complaint was later amended to seek a declaratory judgment declaring the rights of the parties under § 12-16-8, Code 1975. Juneman Electric filed an answer, asserting the unconstitutionality of the statute and various other defenses. Alabama Attorney General Charles Graddick was added to the suit since the defenses raised by Juneman Electric attacked the constitutionality of state law.
The parties, according to the trial court's judgment, submitted the case to the court on cross-motions for summary judgment. On September 1, 1981 the court granted summary judgment in favor of Cross and against Juneman Electric, finding that § 12-16-8, Code 1975, was constitutional; that Cross was a full-time employee under the statute at the time in question; and that Cross was entitled to recover the amount of $236.00 as the difference between the amount of compensation he received as juror and his usual compensation. Juneman Electric brings this appeal, alleging (1) that § 12-16-8, Code 1975, is *Page 111 
unconstitutional, and (2) that the granting of a summary judgment in favor of Cross was error.
Section 12-16-8, Code 1975, provides in pertinent part:
 (a) Upon receiving a summons to report for jury duty, any employee shall on the next day he is engaged in his employment exhibit the summons to his immediate superior, and the employee shall thereupon be excused from his employment for the day or days required of him in serving as a juror in any court created by the constitutions of the United States or of the state of Alabama or the laws of the United States or of the state of Alabama.
 (b) Notwithstanding the excused absence provided in subsection (a) of this section, any full-time employee shall be entitled to his usual compensation received from such employment less the fee or compensation he received for serving as such juror.
Appellant first contends that § 12-16-8, Code 1975, violates the "clear expression" requirement of Ala. Const. art. IV, § 45. In general, if the title of a bill is so misleading that the average person reading the title would not be informed of the purpose of the legislation, then the act falls below constitutional standards. Opinion of the Justices, 294 Ala. 555, 319 So.2d 682 (1975). The purpose behind this rule is to assure that the public and the legislators are informed of the contents of the bill. Id. However, this rule must be applied liberally so as not to cripple legislation. Opinion of theJustices, 294 Ala. 571, 319 So.2d 699 (1975).
Section 12-16-8 is entitled "Excusing of employees for jury service; compensation to which employees entitled during jury service; issuance to jurors of statement showing fee or compensation for jury service." We cannot find that the title of the Act is so misleading that it fails to inform the reader of the Act's purpose. The intent behind the enactment of §12-16-8 is to insure that those individuals rendering service to the state as jurors are adequately compensated for their participation. Gadsden Times Publishing Corp. v. Dean,49 Ala. App. 45, 268 So.2d 829 (1972), rev'd on other grounds,412 U.S. 543, 93 S.Ct. 2264, 37 L.Ed.2d 137 (1973). Clearly, the statements contained in the title indicate that the subject of the Act involves compensation to an employer's regular workers for their service as jurors. We would note additionally that even if the Act originally did not conform to the "clear expression" requirement of § 45, any irregularities in legislative procedure surrounding the Act are cured when the provision is incorporated into a code and that code is adopted by the legislature. Fuller v. Associates Commercial Corp.,389 So.2d 506 (Ala. 1980). Appellant's first contention is without merit.
Appellant next argues that § 12-16-8 is unconstitutional in that it violates the due process and impairment of contract provisions of the Alabama constitution. Appellant relies primarily on the case of White v. Associated Industries ofAlabama, Inc., 373 So.2d 616 (Ala. 1979), in which the Supreme Court of Alabama held unconstitutional the private employer's assessment of § 31-2-13, Code 1975, requiring employers of military reserve members to pay these employees their regular compensation during the time they were absent on guard duty. The supreme court found § 31-2-13 to be in violation of the due process clause of the Alabama constitution in that the statute singled out an arbitrary group, military reserve members, to receive double pay, and another arbitrary group, private employers, to bear the burden of compensation. The court found that this scheme was not reasonably adapted to the "beneficial end" of encouraging reserve participation. The Act was also struck down because it interfered with possible contractual provisions concerning reserve duty contained in many employment contracts.
Appellant argues that the same rationale should apply to §12-16-8, necessitating a finding that the Act is unconstitutional. We disagree. In determining whether due process guaranties have been *Page 112 
denied, the legislation in question must be tested against the public purpose sought to be served, and there must be a legitimate relationship between the public purpose and the legislation passed to further that purpose. Mount Royal Towers,Inc. v. Alabama Board of Health, 388 So.2d 1209 (Ala. 1980). Equality of right is a fundamental concept of due process as well as of equal protection, and legislation must not create arbitrary classifications in attempting to achieve its goal.Opinion of the Justices, 252 Ala. 527, 41 So.2d 775 (1949).
We find that § 12-16-8, unlike the statute involved in theWhite case, does not violate the due process clause of the Alabama constitution. Appellant's reliance on that case is misplaced. As pointed out in White, the jury pay statute (§12-16-8) differs from the military reserve pay statute in several respects. The jury pay statute imposes a less onerous burden on the employer than the reserve pay statute. Jury duty is mandatory, but sporadic; it is unlikely to involve many employees at one time, even in labor-intensive businesses. The length of time required for jury duty is ordinarily much shorter than the term of duty for military reserve members. Briefly, the rationale of White is inapplicable to the present situation; the imposition of the obligation on employers of full-time workers is reasonable, given the reasonable relationship between absence from work for jury duty and the legitimate end of maintaining the efficient functioning of our jury system.
Appellant argues, however, that to single out employers as a class to shoulder the responsibility and full-time employees as a class on which to bestow the benefit, is arbitrary and unreasonable. Again, we disagree. As pointed out in the Attorney General's brief, several reasons exist for selecting the category of full-time employees and their employers to achieve the purpose of the legislation:
 1. Full-time employees stand to lose the most in compensation. The likelihood of lengthy jury service accentuates the problem, and imposes a more [onerous] burden on full-time employees, especially the longer the duty required of a person.
 2. Any classification less than full-time would be impossible to define and to regulate.
 3. The legislature sought to remedy the plight of those employees who rely upon their jobs as their sole means of support, especially those with family obligations etc. who would otherwise be forced to forego their usual compensation and receive the minimal statutory expense allowance.
 4. The legislature sought to reduce the disparity between the daily fee or the expense and the amount which a day is worth in earning capacity.
 5. The legislature sought to relieve hardship jury service imposes upon many who serve as jurors, thereby diminishing the representative character of jurors when one is excused for jury duty. The duty is mandatory unless excused for hardship, and conceivably jury service could be reduced to retired employees or those employed by large corporations who might voluntarily pay compensation to employees while serving on juries.
 6. Jury service involves a smaller number of employees and involves a lesser burden on employers than other types of mandatory compensation.
We find these reasons to be cogent justification for the statute's methods.
We also do not find that § 12-16-8 violates the prohibition against impairment of contract obligations contained in the Alabama constitution. The police power of the state enters into every contract, but the exercise of that power must be for an end which is in fact public, and the means must be reasonably adapted to the end to be achieved. Garrett v. Colbert CountyBoard of Education, 255 Ala. 86, 50 So.2d 275 (1950). As stated above, we think the payment of compensation by the employer to employees on jury duty is a legitimate exercise of state police power as a means of achieving the beneficial purpose of assuring the efficient functioning of the jury system. *Page 113 
In addition to the foregoing arguments, we would note that a challenge to the constitutionality of § 12-16-8 on the basis of the fourteenth amendment due process clause has already been rejected by the United States Supreme Court in Dean v. GadsdenTimes Publishing Corp., 412 U.S. 543, 93 S.Ct. 2264,37 L.Ed.2d 137 (1973).
For the foregoing reasons we must uphold the constitutionality of § 12-16-8, Code 1975. That portion of the trial court's judgment is affirmed.
Appellant also contends in brief that the trial court's granting of a summary judgment in favor of appellee was improper because there existed a genuine issue of material fact as to whether Cross was a full-time employee of appellant. It is undisputed, however, that the parties submitted the cause to the trial court on cross-motions for summary judgment. In its judgment the trial court said that the submission was by agreement. Without deciding whether the submission was by agreement, we note that both motions stated that there was no genuine issue of fact and that each party was entitled to a judgment as a matter of law. Having so stated its position on the factual situation before the trial court, we do not follow, nor can we accept, appellant's contention here that there existed a genuine issue of material fact as to whether Cross was a "full-time employee" of Juneman Electric. Notwithstanding our conclusion on the effect of the cross-motions for summary judgment, we have carefully examined the affidavits filed in support of those motions and find no dispute in the facts set out in those motions. Consequently, we conclude, as did the trial court, that the issue is whether, as a matter of law, Cross was a full-time employee within the meaning of § 12-16-8
(b), Code 1975. See Watts Construction Co. v. Cullman County,382 So.2d 520 (Ala. 1980).
In determining the legislative intent behind a statute, this court will give words and phrases the same meaning they ordinarily have in everyday usage. Fuller v. AssociatesCommercial Corp., 389 So.2d 506 (Ala. 1980). We have not been cited to, nor can we find in our own research, any authority defining the term "full-time employee" within the meaning of §12-16-8 (b), Code 1975. Webster's Third New International Dictionary (1966) defines "full time" as "the amount of time considered the normal or standard amount for working during a given period (as a day, week or month)." The Alabama courts have construed the term "full-time" employment as used in insurance contracts, stating that "[i]mplicit in the term `full time' employment is the idea that the employee be available for his customary duties as the exigencies of his employment might demand." White v. Massachusetts Mutual Life Insurance Co.,275 Ala. 581, 157 So.2d 6 (1963).
Appellee has cited us to several cases from other jurisdictions defining the term "full time" in the context of workmen's compensation and unemployment compensation statutes. These constructions of the term tend to define "full time" in terms of the number of working hours which constitute the standard full workday or week in the particular industry or community. See Cote v. Bachelder-Worcester Co., 85 N.H. 444,160 A. 101 (1932). See generally, 17A Words and Phrases, "Full Time" (1958).
We recognize that the definitions stated above are not conclusive as to the definition of the term "full-time employee" within the meaning of § 12-16-8 (b), Code 1975. However, based on the facts of this case we find that Cross was a full-time employee of Juneman Electric, bringing him within the meaning of the statute. It is undisputed that Cross worked for Juneman Electric continuously for several years, with only minor layoffs in between. According to the testimony of Mr. Reimann, the president of the company, the normal workweek at his construction company was a forty hour week, at eight hours per day. Cross normally worked a standard eight hour day, forty hour week at Juneman Electric. We hold, therefore, that Cross worked "full time" for Juneman Electric, despite the company's contention that Cross's involvement with the Union necessitates a different result. Cross is therefore entitled to *Page 114 
recover the amount of $236.00 from his employer, Juneman Electric, pursuant to § 12-16-8, Code 1975.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.